1  MATTHEW S. CONANT, State Bar No. 94920
   msc@llcllp.com
2  MARIA M. LAMPASONA, State Bar No. 259675
   mlampasona@llcllp.com
3  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
4  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
5  Telephone:     (510) 433-2600
   Facsimile:      (510) 433-2699
6
   Attorneys for Defendant
7  THE RITZ-CARLTON HOTEL COMPANY, L.L.C.
   (erroneously sued as "MARRIOTT INTERNATIONAL,
8  INC.")

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12 | MICHAEL P. WEBER, | Case No.
   |                   |
13 |        Plaintiff, | **DEFENDANT THE RITZ-CARLTON HOTEL COMPANY, L.L.C.'S NOTICE OF REMOVAL OF CASE TO FEDERAL COURT**
14 |    v.             |
15 | THE RITZ-CARLTON HOTEL COMPANY, L.L.C.; MARRIOTT INTERNATIONAL, INC., and DOES 1 TO 60, Inclusive, |
16 |                   |
17 |        Defendants. |
18

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

Defendant THE RITZ-CARLTON HOTEL COMPANY, L.L.C. (erroneously sued as "MARRIOTT INTERNATIONAL, INC.") (hereinafter "Defendant") respectfully alleges as follows:

1.     On July 13, 2016, Plaintiff filed his Complaint against Defendant in the Superior Court of the State of California, County of San Mateo entitled Michael P. Weber v. The Ritz-Carlton Hotel Company, L.L.C., Marriott International, Inc., Does 1-60, inclusive.  A true and correct copy of the Unverified Complaint is attached hereto as **Exhibit A.**

2.     There are no other pleadings on file in the State Court Action at the time of this Removal.

3.     Defendant first received the Unverified Complaint when it was served with the Summons and Complaint on July 15, 2016.  Therefore this Notice of Removal is filed within 30 days after receipt by Defendant of a copy of the pleading setting forth the claim for relief upon which this action is based.

4.     On August 15, 2016, Defendant filed an Answer to Plaintiff's Unverified Complaint in the Superior Court for the County of San Mateo.  A copy of the Answer is attached hereto as **Exhibit B**.

5.     Pursuant to 28 U.S.C. section 1332, this Court has original jurisdiction over the Complaint.  Specifically, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a).

6.     Complete diversity exists because Plaintiff and the Defendant whose citizenship is properly considered are citizens of different states.

7.     Upon information and belief, at the time this action was filed and at the time this Notice of Removal is filed, plaintiff Michael Weber was and is a resident and citizen of the State of California.  (Declaration of Maria M. Lampasona, ¶ 2.)

8.     At the time this action was filed and at the time this Notice of Removal is filed, Defendant was and is a corporation organized under the laws of the State of Delaware, with its principal place of business in Maryland.  (Declaration of Maria M. Lampasona, ¶ 3.)

9. Plaintiff's Complaint names as defendants Does 1 to 20. Defendant is informed and believes, and on that basis alleges, that none of these fictitiously named defendants has been served with a copy of the Complaint or Summons. (Declaration of Maria M. Lampasona, ¶ 4.) Thus, these fictitiously named defendants are not parties to his action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

10. The amount in controversy exceeds the statutory threshold of $75,000, exclusive of interest and costs. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Co'n* 432 U.S. 333, 347-348 (1977); *Meisel v. Allstate Indem. Co.* 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005).

11. Here, Plaintiff alleges that he was injured when he fell in the spa facilities at Defendant's hotel. Plaintiff alleges "severe and permanent injury" requiring surgery. Plaintiff seeks damages for wage loss, hospital and medical expenses, general damage, and loss of earning capacity. Based on Plaintiff's allegations in the Complaint, the amount in controversy exceeds the statutory threshold of $75,000 exclusive of interest and costs.

12. Because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, diversity jurisdiction exists in this action.

13. This case is a suit of a wholly civil nature brought in California State Court. Pursuant to 28 U.S.C. section 1441(a), this civil action may be removed by defendant to this Court. Because Plaintiff filed the State Court Action in San Mateo County, the United States District Court for the Northern District of California is the appropriate venue for removal of the State Court Action because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. §§ 1441(a), 1391(a).

14. Accordingly, based on the foregoing, this Court has original jurisdiction over the Complaint, and removal to this Court from San Mateo Superior Court is proper, pursuant to 28 U.S.C. sections 1332 and 1441, respectively.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

15.     Pursuant to 28 U.S.C. section 1446(d), Defendant will promptly provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the San Mateo County Superior Court.

16.     A copy of the Notice of Removal of Case to Federal Court that will be filed with the California Superior Court is attached hereto as **Exhibit C**.

WHEREFORE, Defendant prays that this action be removed to this Court.

Dated:     August 15, 2016                    LOMBARDI, LOPER & CONANT, LLP

By: _____
MARIA M. LAMPASONA

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676231.1

4

NOTICE OF REMOVAL OF CASE TO FEDERAL COURT

# Exhibit A

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
DAWN L. HASSELL, Esq. (SBN 200080)
THE HASSELL LAW GROUP, PC
4079 19th Avenue
San Francisco, CA 94132
TELEPHONE NO: (415) 334-4111    FAX NO. *(Optional):* (415) 469-9885
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Michael P. Weber

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood, City, CA 94063
BRANCH NAME:

PLAINTIFF: Michael P. Weber

DEFENDANT: The Ritz - Carlton Hotel Company, L.L.C.;
Marriott International, Inc., and

[✓] DOES 1 TO 60, incl.

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[  ] AMENDED *(Number):*
Type *(check all that apply):*
[  ] MOTOR VEHICLE  [✓] OTHER *(specify):* Premises Liability
[  ] Property Damage  [  ] Wrongful Death
[✓] Personal Injury  [  ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*
[  ] ACTION IS A LIMITED CIVIL CASE
Amount demanded [  ] does not exceed $10,000
                [  ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[  ] ACTION IS RECLASSIFIED by this amended complaint
    [  ] from limited to unlimited
    [  ] from unlimited to limited

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 1 3 2016

Clerk of the Superior Court
By  JORDAN MAXWELL
       DEPUTY CLERK

CASE NUMBER:

16CIV00424

1. Plaintiff *(name or names):* Michael P. Weber
alleges causes of action against defendant *(name or names):*
The Ritz - Carlton Hotel Company; L.L.C., Marriott International, Inc., and Does 1 to 60, inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 6
3. Each plaintiff named above is a competent adult
   a. [  ] except plaintiff *(name):*
      (1) [  ] a corporation qualified to do business in California
      (2) [  ] an unincorporated entity *(describe):*
      (3) [  ] a public entity *(describe):*
      (4) [  ] a minor [  ] an adult
          (a) [  ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [  ] other *(specify):*
      (5) [  ] other *(specify):*
   b. [  ] except plaintiff *(name):*
      (1) [  ] a corporation qualified to do business in California
      (2) [  ] an unincorporated entity *(describe):*
      (3) [  ] a public entity *(describe):*
      (4) [  ] a minor [  ] an adult
          (a) [  ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [  ] other *(specify):*
      (5) [  ] other *(specify):*

[  ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Weber v. The Ritz - Carlton Hotel Company, LLC., et al. | 16 CIV 00424 |

4. ☐ Plaintiff (name):

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☑ except defendant (name): The Ritz-Carlton Hotel c. ☐ except defendant (name):
   (1) ☐ a business organization, form unknown        (1) ☐ a business organization, form unknown
   (2) ☑ a corporation                                (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):         (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):                  (4) ☐ a public entity (describe):

   (5) ☐ other (specify):                             (5) ☐ other (specify):

b. ☑ except defendant (name): Marriott International   d. ☐ except defendant (name):
   (1) ☐ a business organization, form unknown        (1) ☐ a business organization, form unknown
   (2) ☑ a corporation                                (2) ☐ a corporation
   (3) ☐ an unincorporated entity (describe):         (3) ☐ an unincorporated entity (describe):

   (4) ☐ a public entity (describe):                  (4) ☐ a public entity (describe):

   (5) ☐ other (specify):                             (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 1 to 30 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 31 to 60 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Weber v. The Ritz - Carlton Hotel Company, LLC., et al. | 16 CIV 00424 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*

      To be determined.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
      All paragraphs set forth herein.

Date: July 12, 2016

Dawn L. Hassell
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Weber v. The Ritz - Carlton Hotel Company, L.L.C., et al. | 16 CIV CC 424 |

First _____      **CAUSE OF ACTION—General Negligence**      Page ____4____
    (number)

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Michael P. Weber

    alleges that defendant *(name)*.  The Ritz -Carlton Hotel Company, L.L.C., Marriott International, Inc., and

    [✓] Does  1 _____  to  60, incl. _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*.  May 11, 2016
at *(place)*:  Ritz - Carlton Half Moon Bay, men's spa locker room , Half Moon Bay, CA.

*(description of reasons for liability)*.

On the above date, the Ritz - Carlton Hotel Company, L.L.C. and Marriott International, Inc.
owned and operated the Ritz - Carlton Half Moon Bay Hotel as well as the resort's spa in Half
Moon Bay, California. Said spa included a men's locker room with toilet and shower facilities,
lockers and changing area, which plaintiff was utilizing during the time of his accident.

On the above date, Plaintiff Michael Weber was a paying hotel guest, which included use of the
fitness center, spa and locker room facilities. Michael Weber and his female companion, were in
the spa and locker facilities using the co-ed spa facilities together.

On the above date, Plaintiff walked towards the co-ed spa area through a tiled floor area of
hallway near the toilet and shower area of the men's locker facilities. The flooring of said
hallway/thru way was wet. While walking down the hallway Plaintiff Michael Weber slipped on
the wet tiled floor, falling directly onto the tiled floor on his right side and hip without being able
to stop or brace himself. Plaintiff suffered severe and permanent injury to his right hip  causing
him to require two urgent hip surgeries, including surgical repair of a hip replacement that had
occurred approximately 2 months prior and another further repair of the damaged right hip
replacement. Plaintiff is in recovery now from the post fall surgeries, suffers from limited range
of motion, pain, scarring and significant limitations on his activities of daily living.

The hallway where Plaintiff fell was the foreseeable path that a pedestrian guest such as Plaintiff
would ordinarily take to reach the co-ed spa facilities. Plaintiff is informed and believes and
thereon alleges that the adjacent co-ed spa facilities included jacuzzi and pool areas containing
water in them, as well as a shower in the co-ed jacuzzi area.

CONTINUED ON NEXT PAGE

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

SHORT TITLE: Case 3:16-cv-04685 Document 1 Filed 08/15/16 Page 10 of 44
Weber v. The Ritz - Carlton Hotel Company, L.L.C, et. al.

CASE NUMBER
16 CIV 04424

1 | GN-1 Continued:

2 Defendants, and each of them, had a duty to maintain the locker, spa and co-ed jacuzzi - pool areas,
3 including the hard, tile flooring that spanned the hallway areas adjacent to the toilets, showers and pool
areas, in reasonably safe condition, and to take all steps necessary to remedy such unsafe conditions of the
4 flooring that was common throughout those areas, among other things. As the owners of the spa and
5 related locker facilities, including the flooring, Defendants, and each of them, had a duty to maintain the
subject floors in such condition that the floors did not become and/or remain wet and slippery so as to
6 cause, or contribute to causing, a dangerous condition of the flooring of the hallway areas used by
7 Defendants' guests. Defendants, and each of them, had a duty to inspect the flooring throughout the spa,
locker and pool facilities, including the common and men's locker area hallways for unsafe conditions, to
8 provide warnings to users of the flooring throughout the spa and locker facility areas of any unsafe
9 conditions, and to refrain from creating unsafe conditions in, or associated with, the spa locker and pool
areas. These duties of Defendants, and each of them, were owed to all persons using the spa and locker
10 facilities, including Plaintiff, as Plaintiff was among persons foreseeably injured by the negligent acts
11 and/or omissions of these Defendants.

12 Defendants, and each of them, breached their duties to Plaintiff in that Defendants, and each of them,
13 negligently failed to warn of the dangerous condition of the wet flooring and negligently and carelessly
failed to inspect, maintain, design, develop, construct, and repair said hallway flooring in the hallways.
14 Defendants, and each of them, also negligently failed to inspect and maintain the spa locker and pool
15 facilities adjacent to the subject hallway to ensure that the jacuzzi - pool areas did not cause, or contribute
to causing, any unsafe condition of the flooring, and to take other measures to ensure that the subject floor
16 was reasonably safe for foreseeable users.

17 The afore-mentioned negligent acts and omissions of these Defendants were substantial factors in causing
18 Plaintiff's injury. Further, the risk of harm of the type suffered by Plaintiff was reasonably foreseeable to
19 these Defendants.

20 As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff Michael P.
Weber suffered serious bodily injury and sustained general damages in an amount to be proven at the time
21 of trial. As a further direct and proximate result of the negligence of Defendants, and each of them,
22 Plaintiff has incurred, and will continue to incur, medical and related expenses for physicians, surgeons,
hospital care, and other medical services and supplies. The full amount of these expenses is not known at
23 this time. Plaintiff prays leave to amend this complaint to state the amount when it becomes known to him.

24
25 CONTINUED ON NEXT PAGE

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

27 This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___5___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
American LegalNet, Inc. www.USCourtForms.com

SHORT TITLE: Case 3:16-cv-04685 Document 1 Filed 08/15/16 Page 11 of 44
— Weber v. The Ritz - Carlton Hotel Company, L.L.C. et. al.

CASE NUMBER
16 CIV 00424

1 | GN-1 Continued:

2

3 | As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has

4 | suffered a loss of earnings, and Plaintiff is informed and believes, and thereon alleges, that he will
continue to suffer such a loss for an indefinite time in the future. Plaintiff's earning capacity has been

5 | reduced, all to Plaintiff's further special damages in amounts currently unknown. Plaintiff prays leave to
amend this complaint to assert the true amounts when they are ascertained.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 | *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 | This page may be used with any Judicial Council form or any other paper filed with the court          Page ___ 6

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501
American LegalNet, Inc.    www.USCourtForms.com

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Weber v. The Ritz - Carlton Hotel Company, LLC. et al. | 16 CIV 00424 |

<u>Second</u>      **CAUSE OF ACTION—Premises Liability**      Page ____7____
   (number)

ATTACHMENT TO    [✓] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1 Plaintiff *(name):* Michael P. Weber
     alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
     On *(date):* May 11, 2016      plaintiff was injured on the following premises in the following
     fashion *(description of premises and circumstances of injury):*

While a paying guest of the hotel owned and operated by Defendants the Ritz - Carlton Hotel Company, L.L.C., Marriott International, Inc., and Does 1 to 60, inclusive, Plaintiff suffered severe injuries to his body and right hip when he slipped and fell on a wet floor in the hallway of the men's locker room near vicinity of the toilets and shower area, adjacent to the co-ed spa jacuzzi - pool areas.

Prem.L-2.    [✓]   **Count One—Negligence** The defendants who negligently owned, maintained, managed and
         operated the described premises were *(names):*
         The Ritz - Carlton Hotel Company, L.L.C., Marriott International, Inc., and

         [✓] Does <u>1</u>     to <u>15, incl.</u>

Prem.L-3    [✓]   **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
         or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
         *(names):*
         The Ritz - Carlton Hotel Company, L.L.C., Marriott International, Inc., and

         [✓] Does <u>16</u>     to <u>30, incl.</u>

         Plaintiff, a recreational user, was [ ] an invited guest [✓] a paying guest.

Prem.L-4    [ ]   **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
         on which a dangerous condition existed were *(names):*

         [ ] Does _____ to _____
         a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
            dangerous condition in sufficient time prior to the injury to have corrected it.
         b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5 a. [✓]   **Allegations about Other Defendants** The defendants who were the agents and employees of the
         other defendants and acted within the scope of the agency were *(names):*
         The Ritz - Carlton Hotel Company, L.L.C., Marriott International, Inc., and

         [✓] Does <u>31</u>     to <u>45, incl.</u>

     b. [✓] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
         [ ] described in attachment Prem.L-5.b [✓] as follows *(names):*

         Does 46-60, who installed, maintained, inspected, repaired the slippery floor at the co-ed pool areas and floor in adjacent men's locker facility/hallway where Plaintiff fell.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

# Exhibit B

1   MATTHEW S. CONANT, State Bar No. 94920
    msc@llcllp.com
2   MARIA M. LAMPASONA, State Bar No. 259675
    mlampasona@llcllp.com
3   LOMBARDI, LOPER & CONANT, LLP
    Lake Merritt Plaza
4   1999 Harrison Street, Suite 2600
    Oakland, CA 94612-3541
5   Telephone:    (510) 433-2600
    Facsimile:    (510) 433-2699
6
    Attorneys for Defendant
7   THE RITZ-CARLTON HOTEL COMPANY, L.L.C.
    (erroneously sued as "MARRIOTT INTERNATIONAL,
8   INC.")

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          SAN MATEO COUNTY

11

12  MICHAEL P. WEBER,                      Case No. 16CIV00424

13              Plaintiff,                 **ANSWER TO COMPLAINT**

14       v.

15  THE RITZ-CARLTON HOTEL
    COMPANY, L.L.C.; MARRIOTT
16  INTERNATIONAL, INC., and DOES 1
    TO 60, Inclusive,
17
                Defendants.
18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676229.1                    1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    COMES NOW defendant THE RITZ-CARLTON HOTEL CO., L.L.C. (erroneously sued

2    as "Marriott International, Inc.") and in answer to the Complaint on file, herein denies generally

3    and specifically, each and every, all and singular, the allegations contained therein.

4    AS AND FOR A FURTHER, SEPARATE ANSWER AND AFFIRMATIVE DEFENSE

5    TO SAID COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

6    That the Complaint on file herein does not state facts sufficient to constitute a cause of

7    action against this answering defendant.

8    AS A SECOND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES that plaintiff and

9    others were guilty of negligence or other legal fault in some percentage compared to that of

10    defendant and said negligence or other legal fault contributed proximately to plaintiff's injuries or

11    damages.

12    AS A THIRD AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that, should

13    plaintiff recover damages against defendant, defendant is entitled to have the amount abated,

14    reduced or eliminated to the extent plaintiff's negligence caused or contributed to his own injuries

15    in accordance with *Li v. Yellow Cab* and Civil Code § 1431.2, *et seq.*

16    AS A FOURTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that this

17    answering defendant is informed and believes, and thereon alleges, that the incidents alleged in

18    the Complaint and the resulting damages, if any, sustained by plaintiff were proximately caused

19    and / or contributed to by the negligence or strict liability of other parties, named or unnamed, and

20    if it is found that this answering defendant was negligent herein, then any recovery as against this

21    defendant should be reduced by the amount of negligence or strict liability of said other parties.

22    AS A FIFTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that, in the event

23    liability is found on the part of this answering defendant, which liability is expressly denied, that

24    said liability, if any, for non-economic damages shall be several only and shall not be joint and

25    that said defendant shall be liable only for the amount of non-economic damages allocated to said

26    defendant in direct proportion to said defendant's percentage of fault.

27    AS A SIXTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that the plaintiff has

28    been and is barred from recovery by reason of his failure to mitigate his damages, if any there be.

1    WHEREFORE, this answering defendant prays judgment that plaintiff take nothing by

2  reason of the Complaint on file herein; that it be hence dismissed with costs of suit incurred

3  herein, and for such other and further relief as to the Court may deem proper.

4

Dated:    August 15, 2016                    LOMBARDI, LOPER & CONANT, LLP

5

6

7                                            By: _____
                                                 MARIA M. LAMPASONA
8                                                Attorneys for Defendant
                                                 THE RITZ-CARLTON HOTEL CO., LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676229.1

3

DEFENDANT THE RITZ-CARLTON HOTEL CO., L.L.C.'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**
*Michael P. Weber v. The Ritz-Carlton Hotel Company, LLC, et al.*
San Mateo County Superior Court Case No. 16CIV00424

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is: 1999 Harrison Street, Suite 2600, Oakland, CA 94612. On August 15, 2016, I served the within:

**ANSWER TO COMPLAINT**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Dawn L. Hassell, Esq. | Telephone: 415/334-4111 |
| The Hassell Law Group, PC | Facsimile: 415/469-9885 |
| 4079 19th Avenue | |
| San Francisco, CA 94132 | *Attorneys for Plaintiff* |
| | *MICHAEL P. WEBER* |

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☐ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

2

☒  *(STATE)*. I declare under penalty of perjury under the laws of the State of California
3  that the foregoing is true and correct.

4  ☐  *(FEDERAL)* I declare under the laws of the United States of America that I am
employed in the office of a member of the Bar of this court at whose direction the
5  service was made and that the foregoing is true and correct.

6  Executed on August 15, 2016, at Oakland, California.

7

8  _____
Tahlise M. Hines

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

03553-45424 MML 676229.1

5

DEFENDANT THE RITZ-CARLTON HOTEL CO., L.L.C.'S ANSWER TO PLAINTIFF'S COMPLAINT

# Exhibit C

1   MATTHEW S. CONANT, State Bar No. 94920
    msc@llcllp.com
2   MARIA M. LAMPASONA, State Bar No. 259675
    mlampasona@llcllp.com
3   LOMBARDI, LOPER & CONANT, LLP
    Lake Merritt Plaza
4   1999 Harrison Street, Suite 2600
    Oakland, CA  94612-3541
5   Telephone:      (510) 433-2600
    Facsimile:       (510) 433-2699
6
    Attorneys for Defendant
7   THE RITZ-CARLTON HOTEL COMPANY, L.L.C.
    (erroneously sued as "MARRIOTT INTERNATIONAL,
8   INC.")

9                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            SAN MATEO COUNTY

11

12  MICHAEL P. WEBER,                    Case No. 16CIV00424

13                Plaintiff,             **STATE NOTICE OF REMOVAL TO**
                                         **FEDERAL COURT**
14       v.

15  THE RITZ-CARLTON HOTEL
    COMPANY, L.L.C.; MARRIOTT
16  INTERNATIONAL, INC., and DOES 1
    TO 60, Inclusive,
17
                  Defendants.
18

19

20       TO THE COURT AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:

21       NOTICE IS HEREBY GIVEN that Defendant THE RITZ-CARLTON HOTEL

22  COMPANY, L.L.C. (erroneously sued as "MARRIOTT INTERNATIONAL, INC.") in the

23  above-captioned action has filed a Notice of Removal of the above-captioned action, *a copy of*

24  *which is attached hereto*, with the United States District Court for the Northern District of

25  California.

26       PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446(b), the filing of

27  said Notice in the United States District Court, together with the filing of said Notice with this

28  Court, effects the removal of this action and the above-captioned Court may proceed no further

03553-45424 MML 676230.1                        1
                    STATE NOTICE OF REMOVAL TO FEDERAL COURT

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1    unless and until the case has been remanded.

2    Dated:     August 15, 2016              LOMBARDI, LOPER & CONANT, LLP

3

4                                             By: _____

5                                                 MARIA M. LAMPASONA

**LOMBARDI, LOPER & CONANT, LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1  MATTHEW S. CONANT, State Bar No. 94920
   msc@llcllp.com
2  MARIA M. LAMPASONA, State Bar No. 259675
   mlampasona@llcllp.com
3  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
4  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
5  Telephone:      (510) 433-2600
   Facsimile:       (510) 433-2699
6
   Attorneys for Defendant
7  THE RITZ-CARLTON HOTEL COMPANY, L.L.C.
   (erroneously sued as "MARRIOTT INTERNATIONAL,
8  INC.")

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11
   MICHAEL P. WEBER,                    Case No.
12
                  Plaintiff,            **DEFENDANT THE RITZ-CARLTON HOTEL**
13                                      **COMPANY, L.L.C.'S NOTICE OF REMOVAL**
         v.                             **OF CASE TO FEDERAL COURT**
14
   THE RITZ-CARLTON HOTEL
15 COMPANY, L.L.C.; MARRIOTT
   INTERNATIONAL, INC., and DOES 1
16 TO 60, Inclusive,

17                  Defendants.

18
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

03553-45424 MML 676231.1                        1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

1       Defendant THE RITZ-CARLTON HOTEL COMPANY, L.L.C. (erroneously sued as

2   "MARRIOTT INTERNATIONAL, INC.") (hereinafter "Defendant") respectfully alleges as

3   follows:

4       1.    On July 13, 2016, Plaintiff filed his Complaint against Defendant in the Superior

5   Court of the State of California, County of San Mateo entitled Michael P. Weber v. The Ritz-

6   Carlton Hotel Company, L.L.C., Marriott International, Inc., Does 1-60, inclusive.  A true and

7   correct copy of the Unverified Complaint is attached hereto as **Exhibit A.**

8       2.    There are no other pleadings on file in the State Court Action at the time of this

9   Removal.

10      3.    Defendant first received the Unverified Complaint when it was served with the

11  Summons and Complaint on July 15, 2016.  Therefore this Notice of Removal is filed within 30

12  days after receipt by Defendant of a copy of the pleading setting forth the claim for relief upon

13  which this action is based.

14      4.    On August 15, 2016, Defendant filed an Answer to Plaintiff's Unverified

15  Complaint in the Superior Court for the County of San Mateo.  A copy of the Answer is attached

16  hereto as **Exhibit B**.

17      5.    Pursuant to 28 U.S.C. section 1332, this Court has original jurisdiction over the

18  Complaint.  Specifically, "[t]he district courts shall have original jurisdiction of all civil actions

19  where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

20  costs, and is between…citizens of different States." 28 U.S.C. § 1332(a).

21      6.    Complete diversity exists because Plaintiff and the Defendant whose citizenship is

22  properly considered are citizens of different states.

23      7.    Upon information and belief, at the time this action was filed and at the time this

24  Notice of Removal is filed, plaintiff Michael Weber was and is a resident and citizen of the State

25  of California.  (Declaration of Maria M. Lampasona, ¶ 2.)

26      8.    At the time this action was filed and at the time this Notice of Removal is filed,

27  Defendant was and is a corporation organized under the laws of the State of Delaware, with its

28  principal place of business in Maryland.  (Declaration of Maria M. Lampasona, ¶ 3.)

1    9.      Plaintiff's Complaint names as defendants Does 1 to 20. Defendant is informed

2    and believes, and on that basis alleges, that none of these fictitiously named defendants has been

3    served with a copy of the Complaint or Summons.  (Declaration of Maria M. Lampasona, ¶ 4.)

4    Thus, these fictitiously named defendants are not parties to his action.  For purposes of removal,

5    "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §

6    1441(a).

7    10.     The amount in controversy exceeds the statutory threshold of $75,000, exclusive

8    of interest and costs.  The amount in controversy for jurisdictional purposes is determined by the

9    amount of damages or the value of the property that is the subject of the action.  *Hunt v.*

10   *Washington State Apple Advertising Co"n* 432 U.S. 333, 347-348 (1977); *Meisel v. Allstate*

11   *Indem. Co.* 357 F.Supp.2d 1222, 1225 (E.D. Cal. 2005).

12   11.     Here, Plaintiff alleges that he was injured when he fell in the spa facilities at

13   Defendant's hotel.  Plaintiff alleges "severe and permanent injury" requiring surgery.  Plaintiff

14   seeks damages for wage loss, hospital and medical expenses, general damage, and loss of

15   earning capacity.  Based on Plaintiff's allegations in the Complaint, the amount in controversy

16   exceeds the statutory threshold of $75,000 exclusive of interest and costs.

17   12.     Because there is complete diversity between Plaintiff and Defendant and the

18   amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and

19   costs, diversity jurisdiction exists in this action.

20   13.     This case is a suit of a wholly civil nature brought in California State Court.

21   Pursuant to 28 U.S.C. section 1441(a), this civil action may be removed by defendant to this

22   Court.  Because Plaintiff filed the State Court Action in San Mateo County, the United States

23   District Court for the Northern District of California is the appropriate venue for removal of the

24   State Court Action because it is the "district and division embracing the place where such action

25   is pending." See 28 U.S.C. §§ 1441(a), 1391(a).

26   14.     Accordingly, based on the foregoing, this Court has original jurisdiction over the

27   Complaint, and removal to this Court from San Mateo Superior Court is proper, pursuant to 28

28   U.S.C. sections 1332 and 1441, respectively.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  94612-3541

03553-45424 MML 676231.1

3

1      15.    Pursuant to 28 U.S.C. section 1446(d), Defendant will promptly provide written

2  notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of

3  Removal with the Clerk of the San Mateo County Superior Court.

4      16.    A copy of the Notice of Removal of Case to Federal Court that will be filed with

5  the California Superior Court is attached hereto as **Exhibit C**.

6      WHEREFORE, Defendant prays that this action be removed to this Court.

7  Dated:    August 15, 2016                    LOMBARDI, LOPER & CONANT, LLP

8

9                                              By:_____

10                                                 MARIA M. LAMPASONA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676231.1                    4

NOTICE OF REMOVAL OF CASE TO FEDERAL COURT

# Exhibit A

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
DAWN L. HASSELL, Esq. (SBN 200080)
THE HASSELL LAW GROUP, PC
4079 19th Avenue
San Francisco, CA 94132
TELEPHONE NO: (415) 334-4111    FAX NO. (Optional): (415) 469-9885
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Michael P. Weber

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood, City, CA 94063
BRANCH NAME:

PLAINTIFF: Michael P. Weber

DEFENDANT: The Ritz - Carlton Hotel Company, L.L.C.;
Marriott International, Inc., and

[✓] DOES 1 TO 60, incl.

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED (Number):
Type (check all that apply):
[ ] MOTOR VEHICLE    [✓] OTHER (specify): Premises Liability
[ ] Property Damage    [ ] Wrongful Death
[✓] Personal Injury    [ ] Other Damages (specify):

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded    [ ] does not exceed $10,000
                       [ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

**FOR COURT USE ONLY**

**ENDORSED FILED**
SAN MATEO COUNTY

JUL 1 3 2016

Clerk of the Superior Court
By _____ JORDAN MAXWELL _____
DEPUTY CLERK

CASE NUMBER:

16CIV00424

1. Plaintiff (name or names): Michael P. Weber
   alleges causes of action against defendant (name or names):
   The Ritz - Carlton Hotel Company; L.L.C., Marriott International, Inc., and Does 1 to 60, inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages: 6
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):
   b. [ ] except plaintiff (name):
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity (describe):
      (3) [ ] a public entity (describe):
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other (specify):
      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Weber v. The Ritz - Carlton Hotel Company, LLC., et al. | 16 CIV 00424 |

4. ☐ Plaintiff *(name)*:

is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   - a. ☑ **except** defendant *(name)*: The Ritz-Carlton Hotel
     - (1) ☐ a business organization, form unknown
     - (2) ☑ a corporation
     - (3) ☐ an unincorporated entity *(describe)*:

     - (4) ☐ a public entity *(describe)*:

     - (5) ☐ other *(specify)*:

   - c. ☐ **except** defendant *(name)*:
     - (1) ☐ a business organization, form unknown
     - (2) ☐ a corporation
     - (3) ☐ an unincorporated entity *(describe)*:

     - (4) ☐ a public entity *(describe)*:

     - (5) ☐ other *(specify)*:

   - b. ☑ **except** defendant *(name)*: Marriott International
     - (1) ☐ a business organization, form unknown
     - (2) ☑ a corporation
     - (3) ☐ an unincorporated entity *(describe)*:

     - (4) ☐ a public entity *(describe)*:

     - (5) ☐ other *(specify)*:

   - d. ☐ **except** defendant *(name)*:
     - (1) ☐ a business organization, form unknown
     - (2) ☐ a corporation
     - (3) ☐ an unincorporated entity *(describe)*:

     - (4) ☐ a public entity *(describe)*:

     - (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   - a. ☑ Doe defendants *(specify Doe numbers)*: 1 to 30 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   - b. ☑ Doe defendants *(specify Doe numbers)*: 31 to 60 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   - a. ☑ at least one defendant now resides in its jurisdictional area.
   - b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   - c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   - d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, and
   - a. ☐ has complied with applicable claims statutes, or
   - b. ☐ is excused from complying because *(specify)*:

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Weber v. The Ritz - Carlton Hotel Company, LLC., et al. | 16 CIV 00424 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a. ☐ Motor Vehicle
    b. ☑ General Negligence
    c. ☐ Intentional Tort
    d. ☐ Products Liability
    e. ☑ Premises Liability
    f. ☐ Other *(specify):*

11. Plaintiff has suffered
    a. ☑ wage loss
    b. ☐ loss of use of property
    c. ☑ hospital and medical expenses
    d. ☑ general damage
    e. ☐ property damage
    f. ☑ loss of earning capacity
    g. ☑ other damage *(specify):*
        To be determined.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
    (1) ☑ according to proof
    (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
    All paragraphs set forth herein.

Date: July 12, 2016

Dawn L. Hassell
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE: Weber v. The Ritz - Carlton Hotel Company, L.L.C., et al. | CASE NUMBER *16 CIV CC 424* |
| --- | --- |

First _____ **CAUSE OF ACTION—General Negligence** Page ___4___
(number)

ATTACHMENT TO  ☑ Complaint  ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Michael P. Weber

  alleges that defendant *(name).*  The Ritz -Carlton Hotel Company, L.L.C., Marriott International, Inc., and

  ☑ Does  1 _____ to  60, incl. _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):*  May 11, 2016
at *(place):*  Ritz - Carlton Half Moon Bay, men's spa locker room , Half Moon Bay, CA.

*(description of reasons for liability):*

On the above date, the Ritz - Carlton Hotel Company, L.L.C. and Marriott International, Inc. owned and operated the Ritz - Carlton Half Moon Bay Hotel as well as the resort's spa in Half Moon Bay, California. Said spa included a men's locker room with toilet and shower facilities, lockers and changing area, which plaintiff was utilizing during the time of his accident.

On the above date, Plaintiff Michael Weber was a paying hotel guest, which included use of the fitness center, spa and locker room facilities. Michael Weber and his female companion, were in the spa and locker facilities using the co-ed spa facilities together.

On the above date, Plaintiff walked towards the co-ed spa area through a tiled floor area of hallway near the toilet and shower area of the men's locker facilities. The flooring of said hallway/thru way was wet. While walking down the hallway Plaintiff Michael Weber slipped on the wet tiled floor, falling directly onto the tiled floor on his right side and hip without being able to stop or brace himself. Plaintiff suffered severe and permanent injury to his right hip causing him to require two urgent hip surgeries, including surgical repair of a hip replacement that had occurred approximately 2 months prior and another further repair of the damaged right hip replacement. Plaintiff is in recovery now from the post fall surgeries, suffers from limited range of motion, pain, scarring and significant limitations on his activities of daily living.

The hallway where Plaintiff fell was the foreseeable path that a pedestrian guest such as Plaintiff would ordinarily take to reach the co-ed spa facilities. Plaintiff is informed and believes and thereon alleges that the adjacent co-ed spa facilities included jacuzzi and pool areas containing water in them, as well as a shower in the co-ed jacuzzi area.

CONTINUED ON NEXT PAGE

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

SHORT TITLE:
Weber v. The Ritz - Carlton Hotel Company, L.L.C, et. al.

16 CIV CC424

GN-1 Continued:

Defendants, and each of them, had a duty to maintain the locker, spa and co-ed jacuzzi - pool areas, including the hard, tile flooring that spanned the hallway areas adjacent to the toilets, showers and pool areas, in reasonably safe condition, and to take all steps necessary to remedy such unsafe conditions of the flooring that was common throughout those areas, among other things. As the owners of the spa and related locker facilities, including the flooring, Defendants, and each of them, had a duty to maintain the subject floors in such condition that the floors did not become and/or remain wet and slippery so as to cause, or contribute to causing, a dangerous condition of the flooring of the hallway areas used by Defendants' guests. Defendants, and each of them, had a duty to inspect the flooring throughout the spa, locker and pool facilities, including the common and men's locker area hallways for unsafe conditions, to provide warnings to users of the flooring throughout the spa and locker facility areas of any unsafe conditions, and to refrain from creating unsafe conditions in, or associated with, the spa locker and pool areas. These duties of Defendants, and each of them, were owed to all persons using the spa and locker facilities, including Plaintiff, as Plaintiff was among persons foreseeably injured by the negligent acts and/or omissions of these Defendants.

Defendants, and each of them, breached their duties to Plaintiff in that Defendants, and each of them, negligently failed to warn of the dangerous condition of the wet flooring and negligently and carelessly failed to inspect, maintain, design, develop, construct, and repair said hallway flooring in the hallways. Defendants, and each of them, also negligently failed to inspect and maintain the spa locker and pool facilities adjacent to the subject hallway to ensure that the jacuzzi - pool areas did not cause, or contribute to causing, any unsafe condition of the flooring, and to take other measures to ensure that the subject floor was reasonably safe for foreseeable users.

The afore-mentioned negligent acts and omissions of these Defendants were substantial factors in causing Plaintiff's injury. Further, the risk of harm of the type suffered by Plaintiff was reasonably foreseeable to these Defendants.

As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff Michael P. Weber suffered serious bodily injury and sustained general damages in an amount to be proven at the time of trial. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will continue to incur, medical and related expenses for physicians, surgeons, hospital care, and other medical services and supplies. The full amount of these expenses is not known at this time. Plaintiff prays leave to amend this complaint to state the amount when it becomes known to him.

CONTINUED ON NEXT PAGE

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.    Page ___5___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

American LegalNet, Inc. | www.USCourtForms.com

SHORT TITLE:
Weber v. The Ritz - Carlton Hotel Company, L.L.C., et. al.

16 CIV 00424

1  GN-1 Continued:

2

3  As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has

4  suffered a loss of earnings, and Plaintiff is informed and believes, and thereon alleges, that he will
   continue to suffer such a loss for an indefinite time in the future. Plaintiff's earning capacity has been

5  reduced, all to Plaintiff's further special damages in amounts currently unknown. Plaintiff prays leave to
   amend this complaint to assert the true amounts when they are ascertained.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.    Page ___ 6

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501
American Legalnet, Inc. | www.USCourtForms.com

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Weber v. The Ritz - Carlton Hotel Company, LLC. et al. | 16 CIV 00424 |

__Second_____   **CAUSE OF ACTION—Premises Liability**   Page ___7___
_(number)_

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint
_(Use a separate cause of action form for each cause of action.)_

Prem.L-1. Plaintiff _(name)_. Michael P. Weber
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On _(date)_: May 11, 2016                plaintiff was injured on the following premises in the following

fashion _(description of premises and circumstances of injury)_:

While a paying guest of the hotel owned and operated by Defendants the Ritz - Carlton Hotel
Company, L.L.C., Marriott International, Inc., and Does 1 to 60, inclusive, Plaintiff suffered
severe injuries to his body and right hip when he slipped and fell on a wet floor in the hallway
of the men's locker room near vicinity of the toilets and shower area, adjacent to the co-ed spa
jacuzzi - pool areas.

Prem.L-2.   [✓]   **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were _(names)_:
The Ritz - Carlton Hotel Company, L.L.C., Marriott International, Inc., and

[✓] Does  1_____  to  15, incl.

Prem.L-3.   [✓]   **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
_(names)_:
The Ritz - Carlton Hotel Company, L.L.C., Marriott International, Inc., and

[✓] Does 16_____  to  30, incl.

Plaintiff, a recreational user, was   [ ] an invited guest   [✓] a paying guest.

Prem.L-4.   [ ]   **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were _(names)_:


[ ] Does _____  to  _____

a. [ ]  The defendant public entity had  [ ] actual  [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ]  The condition was created by employees of the defendant public entity.

Prem.L-5.  a. [✓]  **Allegations about Other Defendants** The defendants who were the agents and employees of the
other defendants and acted within the scope of the agency were _(names)_:
The Ritz - Carlton Hotel Company, L.L.C., Marriott International, Inc., and

[✓] Does 31_____  to  45, incl.

b. [✓]  The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b  [✓] as follows _(names)_:

Does 46-60, who installed, maintained, inspected, repaired the slippery floor at the
co-ed pool areas and floor in adjacent men's locker facility/hallway where Plaintiff fell.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**Exhibit B**

1  MATTHEW S. CONANT, State Bar No. 94920
   msc@llcllp.com
2  MARIA M. LAMPASONA, State Bar No. 259675
   mlampasona@llcllp.com
3  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
4  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
5  Telephone:      (510) 433-2600
   Facsimile:       (510) 433-2699
6
   Attorneys for Defendant
7  THE RITZ-CARLTON HOTEL COMPANY, L.L.C.
   (erroneously sued as "MARRIOTT INTERNATIONAL,
8  INC.")

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       SAN MATEO COUNTY

11

12  MICHAEL P. WEBER,                    Case No. 16CIV00424

13              Plaintiff,               **ANSWER TO COMPLAINT**

14        v.

15  THE RITZ-CARLTON HOTEL
    COMPANY, L.L.C.; MARRIOTT
16  INTERNATIONAL, INC., and DOES 1
    TO 60, Inclusive,
17
                Defendants.
18

19

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

03553-45424 MML 676229.1                    1

DEFENDANT THE RITZ-CARLTON HOTEL CO., L.L.C.'S ANSWER TO PLAINTIFF'S COMPLAINT

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA  84612-3541

1     COMES NOW defendant THE RITZ-CARLTON HOTEL CO., L.L.C. (erroneously sued

2  as "Marriott International, Inc.") and in answer to the Complaint on file, herein denies generally

3  and specifically, each and every, all and singular, the allegations contained therein.

4     AS AND FOR A FURTHER, SEPARATE ANSWER AND AFFIRMATIVE DEFENSE

5  TO SAID COMPLAINT, THIS ANSWERING DEFENDANT ALLEGES:

6     That the Complaint on file herein does not state facts sufficient to constitute a cause of

7  action against this answering defendant.

8     AS A SECOND AFFIRMATIVE DEFENSE, DEFENDANT ALLEGES that plaintiff and

9  others were guilty of negligence or other legal fault in some percentage compared to that of

10  defendant and said negligence or other legal fault contributed proximately to plaintiff's injuries or

11  damages.

12     AS A THIRD AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that, should

13  plaintiff recover damages against defendant, defendant is entitled to have the amount abated,

14  reduced or eliminated to the extent plaintiff's negligence caused or contributed to his own injuries

15  in accordance with *Li v. Yellow Cab* and Civil Code § 1431.2, *et seq.*

16     AS A FOURTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that this

17  answering defendant is informed and believes, and thereon alleges, that the incidents alleged in

18  the Complaint and the resulting damages, if any, sustained by plaintiff were proximately caused

19  and / or contributed to by the negligence or strict liability of other parties, named or unnamed, and

20  if it is found that this answering defendant was negligent herein, then any recovery as against this

21  defendant should be reduced by the amount of negligence or strict liability of said other parties.

22     AS A FIFTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that, in the event

23  liability is found on the part of this answering defendant, which liability is expressly denied, that

24  said liability, if any, for non-economic damages shall be several only and shall not be joint and

25  that said defendant shall be liable only for the amount of non-economic damages allocated to said

26  defendant in direct proportion to said defendant's percentage of fault.

27     AS A SIXTH AFFIRMATIVE DEFENSE DEFENDANT ALLEGES that the plaintiff has

28  been and is barred from recovery by reason of his failure to mitigate his damages, if any there be.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676229.1

2

1      WHEREFORE, this answering defendant prays judgment that plaintiff take nothing by

2  reason of the Complaint on file herein; that it be hence dismissed with costs of suit incurred

3  herein, and for such other and further relief as to the Court may deem proper.

4

5  Dated:    August 15, 2016                    LOMBARDI, LOPER & CONANT, LLP

6

7                                              By:_____
                                                   MARIA M. LAMPASONA
8                                                  Attorneys for Defendant
                                                   THE RITZ-CARLTON HOTEL CO., LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676229.1                        3

DEFENDANT THE RITZ-CARLTON HOTEL CO., L.L.C.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**PROOF OF SERVICE**
*Michael P. Weber v. The Ritz-Carlton Hotel Company, LLC, et al.*
San Mateo County Superior Court Case No. 16CIV00424

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is: 1999 Harrison Street, Suite 2600, Oakland, CA 94612. On August 15, 2016, I served the within:

**ANSWER TO COMPLAINT**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

Dawn L. Hassell, Esq.                    Telephone:    415/334-4111
The Hassell Law Group, PC                Facsimile:    415/469-9885
4079 19th Avenue
San Francisco, CA 94132                  *Attorneys for Plaintiff*
                                         *MICHAEL P. WEBER*

☒  **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐  **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐  **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐  **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐  **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☐  **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(STATE)**. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    **(FEDERAL)** I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on August 15, 2016, at Oakland, California.

Tahlise M. Hines

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676229.1

5

DEFENDANT THE RITZ-CARLTON HOTEL CO., L.L.C.'S ANSWER TO PLAINTIFF'S COMPLAINT

# Exhibit C

1  MATTHEW S. CONANT, State Bar No. 94920
   msc@llcllp.com
2  MARIA M. LAMPASONA, State Bar No. 259675
   mlampasona@llcllp.com
3  LOMBARDI, LOPER & CONANT, LLP
   Lake Merritt Plaza
4  1999 Harrison Street, Suite 2600
   Oakland, CA  94612-3541
5  Telephone:      (510) 433-2600
   Facsimile:       (510) 433-2699
6
   Attorneys for Defendant
7  THE RITZ-CARLTON HOTEL COMPANY, L.L.C.
   (erroneously sued as "MARRIOTT INTERNATIONAL,
8  INC.")

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                            SAN MATEO COUNTY

11

12  MICHAEL P. WEBER,                        Case No. 16CIV00424

13                 Plaintiff,                **STATE NOTICE OF REMOVAL TO**
                                             **FEDERAL COURT**
14         v.

15  THE RITZ-CARLTON HOTEL
    COMPANY, L.L.C.; MARRIOTT
16  INTERNATIONAL, INC., and DOES 1
    TO 60, Inclusive,
17
                   Defendants.
18

19

20         TO THE COURT AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:

21         NOTICE IS HEREBY GIVEN that Defendant THE RITZ-CARLTON HOTEL

22  COMPANY, L.L.C. (erroneously sued as "MARRIOTT INTERNATIONAL, INC.") in the

23  above-captioned action has filed a Notice of Removal of the above-captioned action, *a copy of*

24  *which is attached hereto*, with the United States District Court for the Northern District of

25  California.

26         PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446(b), the filing of

27  said Notice in the United States District Court, together with the filing of said Notice with this

28  Court, effects the removal of this action and the above-captioned Court may proceed no further

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

1    unless and until the case has been remanded.

2    Dated:    August 15, 2016              LOMBARDI, LOPER & CONANT, LLP

3

4                                          By: _____

5                                              MARIA M. LAMPASONA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676230.1                    2

STATE NOTICE OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**
*Michael P. Weber v. The Ritz-Carlton Hotel Company, LLC, et al.*
San Mateo County Superior Court Case No. 16CIV00424

I am a resident of the State of California, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is: 1999 Harrison Street, Suite 2600, Oakland, CA 94612. On August 15, 2016, I served the within:

**DEFENDANT THE RITZ-CARLTON HOTEL COMPANY, L.L.C.'S NOTICE OF
REMOVAL OF CASE TO FEDERAL COURT**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Dawn L. Hassell, Esq. | Telephone: 415/334-4111 |
| The Hassell Law Group, PC | Facsimile: 415/469-9885 |
| 4079 19th Avenue | |
| San Francisco, CA 94132 | *Attorneys for Plaintiff* |
| | *MICHAEL P. WEBER* |

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

☐ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

transmission, any electronic message or other indication that the transmission was unsuccessful.

☐   **(*STATE*)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   **(*FEDERAL*)**  I declare under the laws of the United States of America that I am employed in the office of a member of the Bar of this court at whose direction the service was made and that the foregoing is true and correct.

Executed on August 15, 2016, at Oakland, California.

Tahlise M. Hines

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

03553-45424 MML 676231.1

6

NOTICE OF REMOVAL OF CASE TO FEDERAL COURT